IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES EX REL. | * | |
| JEFFREY P. GOLDSTEIN | * | |
| | * | |
| v. | * | Civil No. JFM-01-239 |
| | * | |
| MILL END SHOPS, INC. | * | |
| | ***** | |

## MEMORANDUM

Plaintiff has instituted this action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733.  Defendant has filed a motion to dismiss on the ground that the complaint fails to satisfy the requirements of Fed. R. Civ. P. 9(b).[1]  The motion will be granted.

Plaintiff is Jeffrey P. Goldstein, the former president and owner of Commercial Drapery Contractors, Inc.  Goldstein and his company were engaged in the sale and installation of draperies, curtains, vertical and Venetian blinds, bedspreads, and related hardware and accessories, to the United States government.  Goldstein was indicted and convicted of defrauding the government in connection with the sales.  He has initiated this action and several others, alleging that other companies in the industry engaged in the same type of conduct for which he was indicted and convicted.

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Plaintiff contends that the complaint satisfies Rule 9(b) because it specifies:

- numbers and dates of Government solicitations in issue;

---

[1]Defendant also challenges plaintiff's standing to pursue this action under §3730(d)(3) of the FCA.  I need not decide that issue until and unless plaintiff files an amended complaint complying with Fed. R. Civ. P. 9(b).

- numbers, dates, and/or effective periods of . . . [the defendant's] contracts in issue;

- the . . . [defendant's] proposals in issue;

- the particular forms and documents within each . . . proposal that contain false information;

- the specific information on the identified forms and pages that is false, and the reason why the specified information is false; and

- the manner in which . . . [defendant] then exploited . . . [its] tainted contracts, i.e., . . . [its] submission of false payment claims at inflated prices.

While on their face plaintiff's allegations may seem specific, the specificity is illusory. Plaintiff does provide particulars concerning how government contracts in the industry are bid and how the contracts are written. However, after reciting generic terms of the bid and contract documents, he simply makes a conclusory allegation that matters the defendant represented in those documents was false and fraudulent. As the basis for his knowledge of the alleged deception, plaintiff claims that "[b]y virtue of his positions and experience in the industry, . . . [plaintiff] has personal knowledge of . . . [defendant's] operations." It may be that plaintiff does have personal knowledge of how participants in the relevant industry conduct their operations. That fact alone, however, does not provide any basis for inferring that the plaintiff knows or has reason to believe that this particular company has engaged in fraud.

In his opposition memorandum plaintiff cavalierly states that the defendant "need only open its file drawer, remove the specified . . . proposals and contracts, turn to the specified pages therein, read the specified representations on these pages, and then prepare an Answer that admits or denies the allegations that these particular representations are false." That argument betrays a disregard for the purposes of Rule 9(b), which the Fourth Circuit has defined as

follows:

> First, the rule ensures that the defendant has sufficient information
> to formulate a defense by putting it on notice of the conduct
> complained of. . . . Second, Rule 9(b) exists to protect defendants
> from frivolous suits. A third reason for the rule is to eliminate
> fraud actions in which all the facts are learned after discovery.
> Finally, Rule 9(b) protects defendants from harm to their goodwill
> and reputation.

Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quoting

United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of

Georgia, Inc., 755 F. Supp. 1055, 1056-57 (S.D.Ga. 1990)).

Here, plaintiff's allegations might be sufficient, as plaintiff contends, to enable defendant

to prepare an answer. However, to countenance the conclusory allegations plaintiff has made

would not protect the defendant from a frivolous suit, prevent it from being subjected to a fraud

action in which plaintiff learns all of his facts after discovery, or protect it from harm to its good

will and reputation.

It may be that plaintiff does have knowledge of illegal activity in which the defendant

engaged because there was an industry-wide conspiracy of which he was a part. Plaintiff does

not, however, so allege. Were he to do so, and specifically allege the reasons for his belief that

this particular defendant was part of the conspiracy, he might be entitled to greater latitude in not

identifying each and every specific misrepresentation he contends the defendant made.[2]

However, in the absence of any such allegations, there is no basis for inferring from the

---

[2]If plaintiff were to allege that he had knowledge of the defendant's fraud because he had
entered into a conspiracy with it, that would also serve to place in proper focus the standing issue
defendant has raised. The question would then be framed whether a person who has been found
guilty of a substantive offense that also constituted an overt act of a broad conspiracy can bring
suit under the FCA.

allegations that have been made any "circumstances" of fraud at all, as required by Rule 9(b).

Plaintiff cannot merely use his knowledge of the type of bid and contract documents used in the

industry as a means to root through the defendant's files to determine if they contain evidence of

fraudulent conduct.

For these reasons, plaintiff's complaint will be dismissed. Plaintiff is granted 21 days in

which to file an amended complaint.

Date: _____        _____
                                      J/Frederick Motz
                                      United States District Judge