IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES EX REL. <br> JEFFREY P. GOLDSTEIN | * <br> * <br> * | |
| v. | * <br> * | Civil No. JFM-00-3459 |
| LEONARD'S DRAPERIES, INC., ET AL. | * | |

*****

| | | |
|---|---|---|
| UNITED STATES EX REL. <br> JEFFREY P. GOLDSTEIN | * <br> * <br> * | |
| v. | * <br> * | Civil No. JFM-01-239 |
| MILL END SHOPS, INC. | * | |

*****

| | | |
|---|---|---|
| UNITED STATES EX REL. <br> JEFFREY P. GOLDSTEIN | * <br> * <br> * | |
| v. | * <br> * | Civil No. JFM-01-1154 |
| FABRICARE DRAPERIES, INC., ET AL. | * | |

*****

| | | |
|---|---|---|
| UNITED STATES EX REL. <br> JEFFREY P. GOLDSTEIN | * <br> * <br> * | |
| v. | * <br> * | Civil No. JFM-01-1155 |
| SKYLINE MILLS | * | |

*****

| | | |
|---|---|---|
| UNITED STATES EX REL. <br> JEFFREY P. GOLDSTEIN | * <br> * <br> * | |
| v. | * <br> * | Civil No. JFM-01-1156 |
| PANATEX FABRICS, INC. | * | |

*****

MEMORANDUM

In an opinion issued on October 8, 2002, I dismissed the complaint in each of these actions,

giving plaintiff leave to file an amended complaint to aver the fraud alleged with particularity, as required by *Fed. R. Civ. P.* 9(b). Plaintiff has now filed amended complaints, and defendants have moved to dismiss them on the ground that plaintiff still has not complied with Rule 9(b).[1]

In his amended complaints plaintiff asserts four different classes of misconduct in which each of the defendants is alleged to have engaged:

(1) submitting to the government various pieces of false information in order to obtain a "commerciality exemption" to the regulatory requirement that a GSA vendor submit cost or pricing data to the government contracting officer, including (a) false certificates of established catalog or market prices, (b) false "Discount Sales and Marketing Data," and (c) information that concealed discounts and prices that defendants received in connection with commercial sales;

(2) submitting to the government fabricated price lists, again for the purpose of obtaining the commerciality exemption;

(3) falsely representing that they were entitled to "manufacturer status" in response to solicitations for bids;

(4) substituting products in violation of certifications they submitted to the government.

The basis for plaintiff's allegations that defendants engaged in these classes of misconduct is that he knows they must have done so in order to obtain the contracts they did. His knowledge on that point, in turn, is based upon his knowledge of the nature of the defendants' businesses and his knowledge of the governing regulatory scheme. Plaintiff makes no allegation based on personal

---

[1] All defendants also seek dismissal on the ground that plaintiffs lacks standing to pursue these action under § 3730(d)(3) of the False Claims Act. Further, some defendants have moved to dismiss for lack of personal jurisdiction or improper venue. I need not decide the issues raised by those motions in light of my ruling that plaintiff has failed to comply with Rule 9(b).

knowledge that a particular defendant obtained a particular contract based upon a particular misrepresentation.

In effect, plaintiff is continuing to rely - as he did in his earlier complaints - upon his general knowledge of the industry and applicable government regulations as the sole basis for his allegations. He wants to obtain discovery to obtain particular information in support of those allegations. In my earlier opinion, I ruled that he could not do so. Because plaintiff has not cured the defect in his pleadings, I will again dismiss the complaints, this time without leave to amend.[2]

Date: March 25, 2003        /s/_____
                            J. Frederick Motz
                            United States District Judge

---

[2]The particularly requirement of Rule 9(b) frequently gives rise to a concern that it may result in fraud going undetected because knowledge of the specific facts that would give rise to a fraud claim are exclusively in possession of the defendant. That concern is not present here because the government (which has declined to intervene in all of the actions) has complete knowledge of the representations that defendants made in their bids and other submissions and has had full opportunity to analyze them after having been put on notice of plaintiff's allegations of misconduct.