IN THE UNITED STATES DISTRYCT COURT FOR THE DISTRICT OF MARYLAND

UNITEDS TATES EX REi JEFFREY P. GOLDSTEIN

MILL END SHOPS, INC.

\*

\* \* \* \*
\*\*\*\*\*

**Civil** No. **JFM-OI-239**

ORDER

'c

For the reasons stated in the accompanying memorandum, it is this 25th day of Marc

ORDERED

Defendant's motion to dismiss the amended complaint is granted; and

2. This action is dismissed without leave to amend.

/,,;

J. Frederick Motz
United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

UNITED STATES EX REL JEFFREY P. GOLDSTEIN

v.

\*

LEONARD'S DRAPERIES, INC., ET AL.

UNITED STATES EX REL. JEFFREY P. GOLDSTEIN

v.

MILL END SHOPS INC .:.,

UNITED STATES EX REL.

...,
JEFFREY P. GOLpSTEIN

FABRICARE DRAPE~ES, INC., ET AL.

**UNITED STATES EX REL
JEFFREY** P. **GOLDSTEIN**

\*

SKYLINE MILLS

UNITED STATES EX REL. JEFFREY P. GOLDSTEIN

v.

PANATEX FABRICS, INC

\* \* \* \* \*
\*\*\*\*\*

\* \* \* \* \*
\*\*\*\*\*

\* \* \* \*

\*\*

**Civil** No. JFM-OO-3459

**Civil** No. **JFM-Ol-239**

**Civil** No. **JFM-OI-1154**

\* \* \* \*
\*\*\*\*\*

Civil No. **JFM-Ol-1155**

\* \* \* \* \*

C."
INJFM01 1'1~~
IVI O. -~,;JY

*****

MEMORANDUM

In an opinion issued on October 8, 2002, I dismissed the complaint in each of these actions,

giving plaintiff leave to file an amended complaint to aver the fraud alleged with particularity, as required by *Ft:q. R, Civ. P.* 9(b). Plaintiff has now filed amended complaints, and defendants have moved to dismiss them on the ground that plaintiff still has not complied with Rule 9(b).1

In his amended complaillts plailltiff asserts four different classes of misconduct in which each of the defendants is alleged to have engaged:

(1) submitting to the government various pieces of false infonnation in order to obtain a "commerciality exemption" to the regulatory requirement that a GSA vendor submit cost or pricing data to the government contracting officer, including (a) false certificates of established catalog or market prices, (b) false "Discount Sales and Marketing Data," and (c) infonnation that concealed discounts and prices that defendants received in connection with commercial sales;

(2) submitting to the government fabricated price lists, again for the purpose of obtaining the commerciality exemption;

(3) falsely representing that they were entitled to "manufacturer status" in response to solicitations for bids;

(4) substituting products in violation of certifications they submitted to the government.

The basis for plaintiff's allegations that defendants engaged in these classes of misconduct is that he knows they must have done so in order to obtain the contracts they did. His knowledge on that point, in turn, is based upon his knowledge of the nature of the defendants' businesses and his knowledge of the governillg regulatory scheme. Plaintiff makes no allegation based on personal

---

1 All defendants also seek dismissal on the ground that plaintiffs lacks standing to pursue these action under § 3730(d)(3) of the False Claims Act. Further, some defendants have moved to dismiss for lack of personal jurisdiction or improper venue. I need not decide the issues raised by those motions in light of my ruling that plaintiff has failed to comply with Rule 9(b).

owledge that a particular defendant obtained a particular contract based upon a particular srepresentation.

ill effect, plaintiff is continuing to rely - as he did in his earlier complaints - upon his general knowledge of the industry and applicable government regulations as the sole basis for his allegations. He wants to obtain discovery to obtain particular infonnation in support of those allegations. ill my earlier opinion, I ruled that he could not do so. Because plaintiff has not cured the defect in his pleadings, I will again dismiss the complaints, this time without leave to amend.2

Date: March 25,2003

Isl
J. Frederick Motz
United States District Judge

---

2The particularly requirement of Rule 9(b) frequently gives rise to a concern that it may result in fraud going undetected because knowledge of the specific facts that would give rise to a fraud claim are exclusively in possession of the defendant. That concern is not present here because the government (which has declined to intervene in all of the actions) has complete knowledge of the representations that defendants made in their bids and other submissions and has had full opportunity to analyze them after having been put on notice of plaintiff's allegations of misconduct.